UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC CENTA, | ) | CASE NO. 5:25-cv-1947 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| PORTAGE COUNTY, OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Although it is unclear, it appears that plaintiff Eric Centa ("Centa') seeks an *ex parte* temporary restraining order.[1] (Doc. No. 3 (Motion).) Plaintiff alleges that defendants, Portage County, Ohio and the Portage County Sheriff's Office (collectively, "defendants"), violated the Fair Labor Standards Act's ("FLSA") overtime and anti-retaliation provisions (Doc. No. 1 (Complaint) ¶¶ 36–55), the Ohio Minimum Fair Wages Standards Act (*id.* ¶¶ 56–64), and the Ohio Prompt Pay Act. (*Id.* ¶¶ 65–70.) Centa's motion seeks an *ex parte* temporary restraining order enjoining defendants "from engaging in any further acts of retaliation in violation of the anti-retaliation provisions of the [FLSA][.]" (Doc. No. 3, at 1[2].) For the reasons below, the motion, insofar as it seeks *ex parte* relief, is **DENIED**.[3]

---

[1] While the present motion was filed on the Court's electronic filing system as *ex parte*, Centa's moving papers do not indicate that he seeks relief *ex parte*. Indeed, nowhere in his moving papers does he include the term "*ex parte*." (*See generally* Doc. No. 3.) However, because the motion was filed *ex parte*, the Court treats the motion as seeking *ex parte* relief.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

[3] The Court herein does not address the propriety of the temporary restraining order and preliminary injunction Centa requests. The Court reserves decision on such relief until defendants can be heard. At this time, the Court only addresses Centa's request for *ex parte* relief.

The Court may enter a temporary restraining order *ex parte* only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant's attorney certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The requirements of Rule 65(b)(1) must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-cv-60, 2015 WL 1276453, at *2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952). After all, "[an] [*ex parte*] temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Brown v. Countrywide Home Loans*, No. 09-12359, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009) (citation omitted).

Centa's motion fails to satisfy the procedural requirements of Rule 65(b)(1). While Centa submits an affidavit in support of his motion (Doc. No. 3-1 (Affidavit)), Centa's counsel only certifies that he emailed a copy of the complaint and motion to defendants and left defendants a voicemail regarding the same. (Doc. No. 3, at 14.) Nowhere does Centa's counsel certify "the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). This is fatal to the motion. Rule 65(b)(1)(B) requires a certification of "any efforts made to give notice **and** the reasons why it should not be required." *Id.* (emphasis added); *see also, Davis v. Colerain Twp.*, No. 1:24-cv-56, 2024 WL 488211, at *1 (S.D. Ohio Feb. 8, 2024) (denying motion for *ex parte* temporary restraining order where counsel only certified that he emailed motion to defense counsel, but did not certify why notice should not be required (citation omitted)); *Le v. Huynh*, No. 23-cv-00914, 2023 WL 2504757, at *1 (N.D. Cal. Mar. 13, 2023) ("The failure to certify why notice should not be required is itself fatal to the motion for a temporary restraining order.").

Procedural defects aside, Centa's motion and affidavit fail substantively to show any immediate, irreparable harm warranting *ex parte* relief. Centa's complaint and motion set out many potential harms, including loss of overtime pay and certain adverse employment actions such as reassignment. (*See e.g.,* Doc. No. 1, ¶¶ 38, 43–50.) But Centa does not appear to base his motion on these harms. (Doc. No. 3, at 12.) This is understandable because lost wages and reassignment cannot be considered irreparable harm when the FLSA provides for return of lost wages and reinstatement. *See Su v. Ikes Artisan Pizza, L.L.C.*, No. 6:22-cv-217, 2024 WL 3432218, at *3 (E.D. Ky. July 15, 2024) (recognizing that FLSA provides for "such legal or equitable relief as may be appropriate . . . including . . . reinstatement . . . and payment of wages lost[.]" (quoting 29 U.S.C. § 216(b))); *cf. McNeill v. Wayne Cnty.*, No. 05-72885, 2005 WL 1981292, at *1 (E.D. Mich. Aug. 10, 2005) (concluding that reassignment did not constitute irreparable harm where applicable statutes "authorize such relief as back pay, reinstatement, and front pay[.]" (citations omitted)).

Centa instead appears to center his motion on harm to his reputation. (Doc. No. 3, at 12.) In certain circumstances, reputational harm may be deemed irreparable for the purposes of Rule 65. *See Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 382 (6th Cir. 2006). Rule 65, however, requires a showing that the harm is so imminent that it will occur "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Centa fails to make this showing.[4] Centa does not discuss how a delay to allow defendants to respond to his motion would

---

[4] Indeed, rather than addressing the specific procedural concerns raised by an *ex parte* temporary restraining order, Centa's motion focuses entirely on the analysis under the preliminary injunction standard. While Centa is correct that "[t]he same standards generally apply to the issuance of temporary restraining orders and preliminary injunctions[,]" (Doc. No. 3, at 8 (citing *Am. Standard, Inc. v. Meehan*, 517 F. Supp. 2d 976, 981 (N.D. Ohio 2007) (citation omitted)), the analyses differ in the requisite immediacy of the alleged harm. A preliminary injunction requires irreparable harm that will occur *before trial*. *See Huron Mountain Club v. U.S. Army Corps of Eng'rs*, No. 2:12-cv-197, 2012 WL 3060146, at *13 (W.D. Mich. July 25, 2012) ("[T]he harm must be of sufficient immediacy that it cannot await trial on the merits."), *aff'd*, 545 F. App'x 390 (6th Cir. 2013). An *ex parte* temporary restraining order, on the other hand, requires irreparable harm "*before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis

cause any harm. The motion thus fails to establish a sufficiently imminent harm. *See Mancino v. Rodenbeck*, No. 1:11-cv-01296, 2011 WL 13233772, at *1 (W.D. Mich. Dec. 14, 2011) (denying *ex parte* temporary restraining order where "[p]laintiffs fail to show that a short delay to allow briefing and a hearing on their motion for injunctive relief would cause [reputational] harm.").

Plaintiff Eric Centa fails to set out compliance with Rule 65(b)'s procedural requirements and to establish an imminent harm sufficient to justify injunctive relief *ex parte*. For these reasons, to the extent that Centa seeks an *ex parte* temporary restraining order, his motion (Doc. No. 3) is **DENIED**. The Court will set a hearing on Centa's motion for temporary restraining order and preliminary injunction as appropriate.

**IT IS SO ORDERED**.

Dated: September 17, 2025

                                                           **HONORABLE SARA LIOI**
                                                           **CHIEF JUDGE**
                                                           **UNITED STATES DISTRICT COURT**

---

added). Centa directs the Court to no case law and makes no argument that he sufficiently establishes a harm that will occur before defendants can be heard in opposition.